STATE of Texas, Appellant,

v.

Rhodney Gene STONE, Appellee.

No. 11–89–156–CR.

Court of Appeals of Texas,
Eastland.

Feb. 15, 1990.

Phil Nichols, Nichols & Weaver, Stephenville, for appellant.

T.E. Shell, Stephenville, for appellee.

McCLOUD, Chief Justice.

A complaint and an information were filed alleging that Rhodney Gene Stone had committed the misdemeanor offense of driving while intoxicated. During the prosecuting attorney's cross-examination of Stone, the trial court declared a mistrial. The State appeals.

In its sole point of error, the State contends that the trial court dismissed the information when it declared a "mistrial with prejudice." Therefore, the State argues that an appeal is proper under TEX. CODE CRIM.PRO.ANN. art. 44.01 (Vernon Supp.1990). We disagree.

Article 44.01(a) provides:

The state is entitled to appeal an order of a court in a criminal case if the order:

(1) dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint;

(2) arrests or modifies a judgment;

(3) grants a new trial;

(4) sustains a claim of former jeopardy; or

(5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

Article 44.01 does not provide that the State can appeal from an order granting a mistrial. We disagree with the State's argument that the words "mistrial with prejudice" are tantamount to a dismissal of the information. In the event of a retrial and a granting of a claim of former jeopardy, Article 44.01 would allow the State to then appeal.

An order granting a mistrial is not one of the appealable orders listed in Article 44.-01; therefore, the State is not entitled to appeal.

The appeal is dismissed for want of jurisdiction.